IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HAROLD BLAKELY ALLEN, JR.                                    PETITIONER

v.                       NO. 2:22-cv-00075 KGB-PSH

JOHN P. YATES                                                RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2241, petitioner Harold Blakely Allen, Jr., ("Allen") challenges his sentencing as a career offender. It is recommended that this case be dismissed without prejudice because of a lack of subject matter jurisdiction.

The record reflects that in February of 2015, Allen pleaded guilty in the United States District Court for the Eastern District of Arkansas to one count of conspiracy to distribute cocaine and one count of money laundering. See United States v. Allen, No. 4:14-cr-00010-07-DPM. Because Allen had been convicted of manslaughter in 1988 and possession of cocaine with intent to deliver in 2006, United States District Judge J. Leon Holmes sentenced Allen in November of 2015 as a career offender.

In January of 2017, Allen filed a trial court motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. In the motion, he challenged his sentencing as a career offender because the sentence was based upon two offenses that are "not constitutionally qualifiable as offenses for usage to enhance [his] sentence." See United States v. Allen, No. 4:14-cr-00010-07-DPM, Docket Entry 761 at CM/ECF 8. Judge Holmes denied the motion in July of 2018 in a sealed opinion and order.

In February of 2020, Allen filed a trial court motion to reduce his sentence pursuant to Section 404 of the First Step Act of 2018 ("First Step Act").[1] He maintained in the motion that his "prior drug offenses should not be considered as 'serious drug felonies' under current case law precedent and should be considered as non-qualifying enhancement predicates." See United States v. Allen, No. 4:14-cr-00010-07-DPM, Docket Entry 856 at CM/ECF 1-2. United States District Judge D.P. Marshall Jr., to whom United States v. Allen, No. 4:14-cr-00010-07-DPM, had been transferred, denied the motion in February of 2020 and gave the following reason why:

---

[1]   Section 404 of the First Step Act involves the following:

"Congress enacted the Fair Sentencing Act in 2010, which reduced the sentencing disparity between cocaine base and powder cocaine from 100-to-1 to 18-to-1. Dorsey v. United States, 567 U.S. 260, 269, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012); see Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences. It raised the threshold for the 5-year minimum from 5 grams to 28 grams, and raised the threshold for the 10-year minimum from 50 grams to 280 grams. Dorsey, 567 U.S. at 269, 132 S.Ct. 2321. Section 3 eliminated the 5-year mandatory minimum for simple possession of cocaine base. Id. These changes did not apply to defendants sentenced before August 3, 2010. Id. at 263, 132 S.Ct. 2321.

"In 2018, Congress enacted the First Step Act, which makes certain provisions of the Fair Sentencing Act retroactive. [...] [S]ection 404(b) of the First Step Act allows a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." First Step Act 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ..., that was committed before August 3, 2010." Id. 404(a)."

See United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019)

> Allen moves pro se to be resentenced pursuant to [Section] 404 of the First Step Act of 2018. ... That section retroactively applies the Fair Sentencing Act, which changed the statutory penalties for crack cocaine offenses in 2010. But Allen is serving a sentence for conspiracy to distribute cocaine, not crack cocaine. ... And no other provisions of the First Step Act apply retroactively. Because the new law doesn't apply to Allen's case, his motion ... is denied.

See United States v. Allen, No. 4:14-cr-00010-07-DPM, Docket Entry 857.

In January of 2021, Allen filed in the United States Court of Appeals for the Eighth Circuit ("Court of Appeals") what was construed as a motion for permission to file a successive habeas petition. In the motion, he alleged, in part, the following:

> Petitioner pled guilty to distribute cocaine hydrochloride ... Petitioner's sentence was enhanced based on the career offender guideline. ... This sentence was the result of previous crimes, crimes which have since he was sentenced been determined not to be serious drug offenses. These crimes no longer qualify Petitioner to a career enhancement and results in an unconstitutional sentence for the Petitioner.
>
> ...
>
> One of the cases that was used to enhance Petitioner's sentence was a possession with intent to deliver cocaine. This was counted as a 'serious drug offense' and enhanced Petitioner's sentence, yet under a new rule of law, a 'serious drug offense must have over 1 year in prison as a sentence.' In Petitioner's case he received 5 years probation. Therefore Petitioner should have never been enhanced to career status, a status that greatly enhanced his sentence. [Sic]

4

See Allen v. United States, No. 21-1127 (8th Cir. 2021), Motion for Permission to file a Successive Habeas Petition at 2-3. The Court of Appeals denied the motion without comment in February of 2021.

In May of 2021, Allen filed in the Court of Appeals what was construed as a motion for permission to file a successive habeas petition. In the motion, he challenged his sentencing as a career offender on the ground that his 2006 conviction of possession of cocaine with intent to deliver was not a "serious drug offense" for purposes of the career offender enhancement. See Allen v. United States, No. 21-2174 (8th Cir. 2021). Specifically, he alleged the following:

> Petitioner should never have been qualified as a career offender. U.S.S.G. 4B1.1. As the new rule of law is a "serious drug offense" in which a person is sentenced to more than a year in prison.
>
> In Petitioners case the State drug charge was not serious and he was given probation. Thus not meeting the bar of "serious drug offense." … [Sic]

See Allen v. United States, No. 21-2174 (8th Cir. 2021), Motion to Appeal Motion for Leave to file a Second or Successive Motion under 28 U.S.C. 2255 at 1-2. The Court of Appeals denied the motion without comment in June of 2021.

Allen then began this case in May of 2022 by filing the petition at bar and an accompanying memorandum. In the submissions, he maintained that he is actually innocent of the career offender enhancement for two reasons. First, in light of Borden v. United States, --- U.S. ---, 141 S.Ct. 1817, 210 L.Ed.2d 63 (2021), his 1988 conviction of manslaughter no longer qualifies as a "crime of violence" for purposes of the career offender enhancement.[2] Second, in light of the First Step Act, his 2006 conviction of possession of cocaine with intent to deliver no longer qualifies as a "serious drug felony" for purposes of the career offender enhancement.[3]

The form Allen used for filing the petition at bar prompted him to explain why the remedy under 28 U.S.C. 2255 would be inadequate or ineffective to challenge his sentence. In response, he represented the following:

---

[2] In Borden, the United States Supreme Court held that crimes requiring a mental state of recklessness cannot be "crimes of violence" under the Armed Career Criminal Act of 1984. The Court of Appeals subsequently recognized that the same reasoning applies to "crimes of violence" under the Sentencing Guidelines. See Goldsberry v. Yates, No. 2:21-cv-10-BSM-JTR, 2022 WL 1600591 (E.D.Ark. Apr. 28, 2022), report and recommendation adopted, No. 2:21-cv-00010-BSM, 2022 WL 1600522 (E.D.Ark. May 19, 2022) (citing United States v. Lopez-Castillo, 24 F.4th 1216, 1219 n.2 (8th Cir. 2022)).

[3] The First Step Act reduced the class of prior drug offenses that can be used to justify a sentence enhancement. Allen maintained that for a conviction to qualify as a "serious drug felony," a person must have, inter alia, served a term of imprisonment of more than twelve months. He represented that he was only sentenced to five years' probation for his 2006 conviction of possession of cocaine with intent to deliver.

> Allen has made a claim of actual innocence that permits jurisdiction over his 2241 petition under the 28 U.S.C. 2255(e) "escape hatch," which permits a federal prisoner to file a 2241 petition to contest the legality of a sentence where his remedy under 28 U.S.C. 2255 is inadequate or ineffective to test the legality of his detention.

<u>See</u> Docket Entry 1 at CM/ECF 5.

Yates filed a response to the petition and maintained, in part, that the petition should be dismissed for a lack of subject matter jurisdiction. Yates maintained that Allen cannot challenge his sentence in a petition pursuant to 28 U.S.C. 2241 unless he can show that a motion pursuant to 28 U.S.C. 2255 would be inadequate or ineffective. It is Yates' contention that Allen has failed to make the requisite showing. Moreover, Yates maintained that Allen cannot raise an issue in a petition pursuant to 28 U.S.C. 2241 that could have been raised, or was actually raised, in a motion pursuant to 28 U.S.C. 2255. It is Yates' contention that Allen had the opportunity to challenge his sentence in his January of 2017 motion pursuant to 28 U.S.C. 2255, and he did, in fact, challenge his sentence in that proceeding.

Allen was accorded an opportunity to file a reply to Yates' response and was given up to, and including, August 13, 2022, to do so. August 13, 2022, has now come and gone, and Allen has not filed a reply.

Generally, a federal prisoner challenging his sentence must do so by filing a motion pursuant to 28 U.S.C. 2255. See Crayton v. United States, 27 F.4th 652 (8th Cir. 2022). The section provides, though, a "savings clause" which allows the prisoner to file a petition pursuant to 28 U.S.C. 2241 if he can show that the remedy afforded under 28 U.S.C. 2255 would be "inadequate or ineffective to test the legality of his detention." See Id. at 655 (quoting 28 U.S.C. 2255(e)).[4]

Here, Allen challenges his sentencing as a career offender in a petition pursuant to 28 U.S.C. 2241. His invocation of the 28 U.S.C. 2255 "savings clause" to file his petition and raise the two claims at bar is unpersuasive. He cannot show that the remedy afforded by 28 U.S.C. 2255 is "inadequate or ineffective to test the legality of his detention." The undersigned so finds for the following reasons.

First, Allen had the opportunity to raise his first claim, i.e., his Borden claim, in his January of 2017 motion pursuant to 28 U.S.C. 2255. Although Borden was not decided until June of 2021, or more than four years after he filed his motion pursuant to 28 U.S.C. 2255, he could have nevertheless raised a Borden-like challenge in that proceeding.

---

[4] The prisoner bears the burden of showing that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective. See Lopez-Lopez v. Sanders, 590 F.3d 905 (8th Cir. 2010).

In support of that finding, the undersigned makes note of <u>Goldsberry v. Yates</u>, No. 2:21-cv-10-BSM-JTR, 2022 WL 1600591 (E.D.Ark. Apr. 28, 2022), report and recommendation adopted, No. 2:21-cv-00010-BSM, 2022 WL 1600522 (E.D.Ark. May 19, 2022). In that case, Goldsberry pleaded guilty in 2016 to being a felon in possession of a firearm. In calculating Goldsberry's sentence, United States District Judge Audrey G. Fleissig found that Goldsberry's 2009 conviction for assaulting a law enforcement officer qualified as a "crime of violence," which caused an increase in his base offense level.

Goldsberry appealed his sentence. Goldsberry maintained, in part, that Judge Fleissig erred when he found Goldsberry's 2009 conviction for assaulting a law enforcement officer qualified as a "crime of violence." The Court of Appeals found no reversible error and affirmed.

In 2019, Goldsberry filed a motion pursuant to 28 U.S.C. 2255. In the motion, he maintained, in part, that his 2009 conviction for assaulting a law enforcement officer did not qualify as a "crime of violence" and could not be used to increase his base offense level. Judge Fleissig found that the claim had been rejected by the Court of Appeals, and Goldsberry was barred from re-litigating the claim in a motion pursuant to 28 U.S.C. 2255.

In 2021, Goldsberry filed a petition pursuant to 28 U.S.C. 2241 and challenged his sentence on three grounds, one of which was that his sentence was illegal as a result of Borden. United States Magistrate Judge J. Thomas Ray recommended, and United States District Judge Brian S. Miller agreed, that the claim be dismissed for the following reason:

> Similarly, because Claim Three [i.e., Goldsberry's Borden claim] could have been brought by Goldsberry in his 2255 Motion, this Court also lacks jurisdiction over that claim. Goldsberry filed his 2255 Motion on April 18, 2019—more than two years before the Court decided Borden on June 10, 2021. Nevertheless, Goldsberry clearly could have raised a Borden-like argument in his 2255 Motion but he failed to do so. Thus, he cannot show that 2255 is "inadequate or ineffective to test the legality of [his] detention." Jones v. Hendrix, 8 F.4th 683, 687 (8th Cir. 2021), *petition for cert. filed*, No. 21-857 (U.S. Dec. 7, 2021); [footnote omitted]; Crayton v. United States, 27 F.4th 652, 655 (8th Cir. 2022) (discussing Jones, 8 F.4th 683) ("Focusing on the plain meaning of 2255(e)'s 'to test' and 'remedy' language, we held that a change in caselaw does not make 2255's remedy inadequate or ineffective.").

See Goldsberry v. Yates, 2022 WL 1600591, 4.

Second, with respect to Allen's other claim, i.e., his First Step Act claim, a motion pursuant to 28 U.S.C. 2255 is not inadequate or ineffective merely because "a new law or constitutional doctrine that could reduce a federal prisoner's sentence cannot be applied retroactively." See Nichols v. Hendrix, No. 2:20-cv-59-JM-BD, 2020 WL 3579429, 3 (E.D.Ark. June 10,

10

2020), report and recommendation adopted, No. 2:20-cv-59-JM, 2020 WL 3578663 (E.D.Ark. July 1, 2020). As Judge Marshall found in denying Allen's motion to reduce his sentence pursuant to Section 404 of the First Step Act, the provisions of the First Step Act cannot be applied retroactively, save Section 404 which is inapplicable here.

Alternatively, it is true that Allen could not have raised his First Step Act claim in his January of 2017 motion pursuant to 28 U.S.C. 2255 because the First Step Act was not enacted until 2018. That fact is of no legal significance. A motion pursuant to 28 U.S.C. 2255 is considered adequate and effective "even in cases where the petitioner is unaware of his claim." See Lee v. Sanders, 943 F.3d 1145 (8th Cir. 2019).

The undersigned additionally makes note of the fact that Allen has twice sought permission from the Court of Appeals to file a successive habeas petition. In each request, he alleged that his 2006 conviction of possession of cocaine with intent to deliver was not a "serious drug offense" for purposes of the career offender enhancement. The Court of Appeals denied each request without comment.

Allen's assertion of actual innocence is also unpersuasive. Such an assertion is "not necessarily sufficient, by itself, to successfully invoke the savings clause." See Hopkins v. Rivera, No. 2:15-cv-00066-KGB-JTK, 2015

11

WL 7625495, 3 (E.D.Ark. April 28, 2015), report and recommendation adopted, No. 2:15-cv-00066-KGB, 2015 WL 7568621 (E.D.Ark. November 24, 2015).

Accordingly, the undersigned finds that Allen has failed to demonstrate that he is entitled to the benefit of the "savings clause" found in 28 U.S.C. 2255. It is recommended that this case be dismissed without prejudice because of a lack of subject matter jurisdiction. See <u>Lee v. Sanders</u>, 943 F.3d at 1147 (court lacks jurisdiction to entertain petition pursuant to 28 U.S.C. 2241 "unless and until" petitioner demonstrates entitlement to savings clause).

DATED this 25th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE