# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**HAROLD BLAKELY ALLEN, JR**                                    **PETITIONER**
**Reg. #28598-009**

**v.**                    **Case No. 2:22-cv-00075-KGB-PSH**

**JOHN P. YATES, Warden,**
**Forrest City Medium Security Facility**                         **RESPONDENT**

## <u>ORDER</u>

Before the Court are the Findings and Recommendation ("Recommendations") submitted by United States Magistrate Judge Patricia S. Harris regarding petitioner Harold Blakely Allen, Jr.'s petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 (Dkt. No. 12).  Mr. Allen filed a motion for extension of time to file objections to the Recommendations (Dkt. No. 14), which the Court grants.  The Court therefore considers Mr. Allen's objections (Dkt. No. 15).  After careful review of the Recommendations, Mr. Allen's objections, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 12).

Mr. Allen challenges his 2015 sentence as a career offender (Dkt. Nos. 1; 2).  He argues that that he is actually innocent of the career offender enhancement due to two changes in law (*Id.*).  First, he contends that his 1988 conviction of manslaughter no longer qualifies as a "crime of violence" for purposes of the career offender enhancement in the light of *Borden v. United States*, 140 S. Ct. 1817 (2021) (Dkt. No. 2, at 14–20).  Second, he contends that his 2006 conviction of possession of cocaine with intent to deliver no longer qualifies as a "serious drug felony" for purposes of the career offender enhancement in the light of the First Step Act of 2018 (*Id.*, at 20–22).  Mr. Allen avers that his sentence should be vacated for resentencing without the career

offender enhancement (*Id.*, at 22).  In the alternative, he requests an evidentiary hearing to "prove his meritorious ground[s] for relief, resolve any disputed facts, and expand an incomplete record" (*Id.*).

In the Recommendations, Judge Harris concluded that Mr. Allen is ineligible to file the instant § 2241 petition under § 2255(e)'s "savings clause" because he cannot show that the remedy afforded by his earlier § 2255 petition was inadequate or ineffective to test the legality of his detention (Dkt. No. 12, at 8).  Judge Harris recommends, as a result, that Mr. Allen's present § 2241 petition be dismissed without prejudice for lack of subject matter jurisdiction (*Id.*, at 12).

The Court has reviewed Mr. Allen's objections to the Recommendations, and they do not alter this Court's review of the record and controlling law (Dkt. No. 15).  Generally, in his objections to the Recommendations, Mr. Allen restates many of the same arguments he made in support of his § 2241 petition.  The Court has considered all of Mr. Allen's objections, overrules his objections, and writes to address a few.

As an initial matter, Mr. Allen takes issue with Judge Harris's finding that, "'Allen was accorded an opportunity to file a reply to [respondent] Yates' response . . . . and Allen has not filed a reply.'" (*Id.*, at 2 (quoting Dkt. No. 12, at 7)).  Mr. Allen states that he mailed his reply on August 11, 2022, and he attaches to his objections a copy of his United States Postal Service receipt (*Id.*, at 2, 7).  He correctly states that, "for whatever reason," the reply was not docketed until September 12, 2022— after Judge Harris issued the Recommendations (*Id.*, at 2).  Having reviewed the record *de novo*, the Court has reviewed and considered Mr. Allen's reply when determining how to resolve this action (Dkt. No. 13).  The Court overrules Mr. Allen's objection on this point.

Mr. Allen also references in his objections the United States Supreme Court's decision in *Jones v. Hendrix*, Case No. 21-857, which he argued "could have significant impact on the Court's

decisional process in this case." (Dkt. No. 15, at 3).  The Supreme Court recently issued its decision in *Jones v. Hendrix*, 599 U.S. 465 (June 22, 2023).  In *Jones*, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 471.  Instead, the savings clause is designed to "to cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion.  *Id.* at 474 (giving examples including the dissolution of the sentencing court).  The Supreme Court noted that § 2255(h) limited second or successive § 2255 motions to those that contain:  "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Id.* at 476 (quoting 28 U.S.C. § 2255(h)).

As to those challenges that fall outside of § 2255(h), the Supreme Court held that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all." *Id.* at *9.  In other words, under *Jones*, Mr. Allen cannot bring his claims in a § 2241 petition via the savings clause; indeed, "he cannot bring [them] at all." *Id.* at 480.

In the light of *Jones*, having considered all of Mr. Allen's objections and having reviewed the record evidence *de novo*, the Court adopts the Recommendations as it's findings in all respects (Dkt. No. 12).  Accordingly, Mr. Allen's § 2241 petition is dismissed without prejudice for lack of subject matter jurisdiction (Dkt. No. 1).  The relief requested is denied.

It is so ordered this 25th day of September, 2023.

Kristine G. Baker
United States District Judge